[Crim. No. 14135. Third Dist. May 29, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
CHOICE GUEST, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts IB, IC, II, III, IV and V.

COUNSEL

Paul S. Salter, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and W. Scott Thorpe, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

BACKUS, J.*—The defendant, not living up to his name, was found guilty of being a state prison inmate who assaulted the person of another with a deadly weapon or by means of force likely to produce great bodily injury. (Pen. Code, § 4501; all future undesignated statutory references will be to the Penal Code.) He was also found to have intentionally inflicted great bodily injury. (§ 12022.7.) The court sentenced him to the upper term of six years with a three-year enhancement for the infliction of great bodily injury, the nine years to be served consecutive to the term he was serving at the time. The court also assessed a $1,000 restitution fine.

On appeal, the defendant sows the seeds of a number of arguments. In the published portion of this decision, we reject his claim that section 12022.7 is unconstitutionally vague. Similarly fruitless are his arguments (1) expert testimony is required to support a section 12022.7 enhancement; (2) his cross-examination was improperly limited as to the permanent nature of the victim's great bodily injury; (3) photographs of the wounds were

---

*Assigned by the Chairperson of the Judicial Council.

improperly admitted; (4) the prosecutor committed misconduct in his opening statement; (5) instructional error negated his theory of self-defense; and (6) the sentencing court failed to consider factors in mitigation, all six of which we find barren in the unpublished portion of this opinion. Thus, his conviction will be affirmed.

## FACTS

The defendant admitted stabbing inmate Ricky Reese six or seven times with a knife while assisted by several other inmates at the Susanville Correctional Center. The victim, whose testimony we are bound to accept on appeal following a judgment of conviction, stated he was the object of an unprovoked attack by the other men. The defendant claimed he acted in self-defense. Among other facts upon which this defense was predicated was his testimony the victim allegedly had been harassing him for several months and had warned the defendant to arm himself before the confrontation. Further, during the melee, the victim supposedly attempted to hit him by swinging a "lock in a sock" at him.

## DISCUSSION

### I

The defendant makes three arguments relating to section 12022.7 which we collect under one heading.

### A.

We first consider his argument that section 12022.7 is unconstitutionally vague because one cannot tell from instance to instance what injuries will be considered significant or substantial enough to constitute great bodily injury.

The orthodox test under the United States or California constitutions for unconstitutional vagueness is whether the statute "'either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application[,] violat[ing] the first essential of due process of law.'" (*People* v. *Grubb* (1965) 63 Cal.2d 614, 619 [47 Cal.Rptr. 772, 408 P.2d 100] [citing *Connally* v. *General Construction Co.* (1926) 269 U.S. 385, 391 [70 L.Ed. 322, 328, 46 S.Ct. 126]].) However, "a statute is sufficiently certain if it employs words of long usage or with a common law meaning, 'notwithstanding an element of degree in the definition as to which estimates may differ.'" (*Lorenson* v. *Superior Court* (1950) 35 Cal.2d 49, 60-61 [216 P.2d 859] [citing *Con-*

*nally, supra,* 269 U.S. at p. 391 [70 L.Ed. at p. 391]].) As we have stated in *People* v. *Kimbrel* (1981) 120 Cal.App.3d 869, 876 [174 Cal.Rptr. 816], "We are persuaded by the long acceptance of 'great bodily injury' as a term commonly understandable to jurors that it has not acquired a technical legal definition requiring in the absence of special circumstances a clarifying instruction." While the defendant may be correct in that an "I know it when I see it" standard is applied to injuries under section 12022.7 (*cf. Jacobellis* v. *Ohio* (1964) 378 U.S. 184, 197 [12 L.Ed.2d 793, 803-804, 84 S.Ct. 1676] [Stewart, J., concurring]), men of common intelligence can apply these words of long usage to discern what injuries they are forbidden to inflict under pain of enhancement. "If appellant is suggesting that he didn't understand that [repeatedly stabbing] a person . . . [would] result in great bodily injury, his lack of understanding snaps the bounds of credulity." (*People* v. *Covino* (1980) 100 Cal.App.3d 660, 668 [161 Cal.Rptr. 155].) Section 12022.7 is constitutional. (Cf. *People* v. *Roberts* (1981) 114 Cal.App.3d 960, 962-963 [170 Cal.Rptr. 872] [§ 245, subd. (a), is not unconstitutionally vague for use of term "great bodily injury"]; *Covino, supra,* 100 Cal.App.3d at p. 668 [same]; *People* v. *Poulin* (1972) 27 Cal.App.3d 54, 59-61 [103 Cal.Rptr. 623] [§ 12310 is not unconstitutionally vague for use of term "great bodily injury"].)

B.-V.*

. . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Sims, J., and Carr, Acting P. J., concurred.

---

*See footnote, *ante,* page 809.