Filed 3/15/24  P. v. Hicks CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DANIEL WALTER HICKS,<br><br>        Defendant and Appellant. | A166486<br><br>(Napa County<br>Super. Ct. No. 21CR000516) |

A jury convicted defendant and appellant Daniel Walter Hicks (appellant) of assault by means of force likely to produce great bodily injury and found true an allegation that he personally inflicted great bodily injury. Appellant appeals from the trial court's judgment sentencing him to six years in state prison and ordering him to pay court fees and a restitution fine. Appellant contends that the judgment must be reversed because the term "great bodily injury" is unconstitutionally vague, and that the imposed fees and fines are unconstitutional absent a determination of his ability to pay. We affirm.

PROCEDURAL BACKGROUND

In June 2021, the Napa County District Attorney filed an information charging appellant with assault by means of force likely to produce great

1

bodily injury (Pen. Code, § 245, subd. (a)(4))[1] with a special allegation of personal infliction of great bodily injury (§ 12022.7, subd. (a)). The information further alleged a prior strike (§ 667, subd. (b)–(i)) and a prior serious felony conviction (§ 667, subd. (a)(1)).

In July 2022, a jury found appellant guilty and found true the special allegation. The trial court found true the prior strike and serious felony allegations but later granted appellant's motion to dismiss those enhancements. The court sentenced appellant to six years in prison and ordered him to pay a $40 court operations assessment (§ 1465.8), a $30 conviction assessment (Gov. Code, § 70373), a $300 restitution fine (§ 1202.4), and a $300 suspended restitution fine (§ 1202.45).

FACTUAL BACKGROUND

On January 19, 2021, both appellant and the victim, Paul D., were patients at Napa State Hospital. At close to 1:00 p.m. that day, Paul D. was seated at a table playing a board game with Nurse Nelly P. in a day room at the hospital. Appellant entered the day room; approached Paul D.; and, without warning, punched Paul D. "at least five times" in the face. Appellant then left the room.

A physician testified Paul D. suffered "a significant nasal fracture with trauma." Months later, because Paul D. "couldn't breathe" through his nasal passages, he had surgery that involved re-breaking his nose. The treating physician explained that the purpose of the surgery was to change the "nasal shape [to facilitate] breathing." The physician "elevate[d] [Paul D.'s] skin lining . . . to rearrange or remove some of the broken bone pieces that ha[d] healed incorrectly" and then "sew[ed] it back together." Afterwards, Paul D.'s

_____

[1] All undesignated statutory references are to the Penal Code.

nose bled every day for three weeks.  He testified he could breathe at 80 percent capacity after the surgery.

Appellant testified that he had experienced a lot of threats and hostility from Paul D. and that Paul D. had "shoulder check[ed]" appellant and had left threatening contraband on appellant's bed on the day of the incident. Appellant struck Paul D. because, as he passed Paul D. in the day room, Paul D. "reached for his waistband then started getting up."  Appellant feared he was "going to get hit with a weapon."  When appellant hit Paul D., he "was aiming for [Paul D.'s] forehead to put him off balance, put him back in his seat."

## DISCUSSION

I.    *Great Bodily Injury*

Appellant contends the phrase "great bodily injury" as used in sections 245, subdivision (a)(4) and 12022.7, subdivision (a) is unconstitutionally vague.  We decline his invitation to deviate from the prior decisions that have rejected the claim.

The decision in *People v. Guest* (1986) 181 Cal.App.3d 809, 811–812 (*Guest*), reasoned as follows in rejecting the claim as to section 12022.7:  "The orthodox test under the United States or California constitutions for unconstitutional vagueness is whether the statute ' "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application . . . ." ' [Citation.]  However, 'a statute is sufficiently certain if it employs words of long usage or with a common law meaning, "notwithstanding an element of degree in the definition as to which estimates may differ." ' [Citation.]  As we have stated in *People v. Kimbrel* (1981) 120 Cal.App.3d 869, 876, 'We are persuaded by the long acceptance of "great bodily injury" as a term commonly

3

understandable to jurors that . . . has not acquired a technical legal definition requiring in the absence of special circumstances a clarifying instruction.' While the defendant may be correct in that an 'I know it when I see it' standard is applied to injuries under section 12022.7 [citation], [people] of common intelligence can apply these words of long usage to discern what injuries they are forbidden to inflict under pain of enhancement. . . . Section 12022.7 is constitutional."

As the *Guest* court pointed out, prior decisions reached the same conclusion. (*Guest, supra,* 181 Cal.App.3d at p. 812; *People v. Roberts* (1981) 114 Cal.App.3d 960, 963 ["great bodily injury" in section 245, subdivision (a) is not unconstitutionally vague]; *People v. Poulin* (1972) 27 Cal.App.3d 54, 59–61 ["great bodily injury" in former section 12310 is not unconstitutionally vague]; see also *People v. Covino* (1980) 100 Cal.App.3d 660, 668.) And more recent decisions have followed *Guest* and other similar decisions. (*People v. Bermudez* (2020) 45 Cal.App.5th 358, 369, fn. 5, disapproved of on another ground by *People v. Valencia* (2021) 11 Cal.5th 818, 839, fn. 17; *In re Mariah T.* (2008) 159 Cal.App.4th 428, 436–437; *People v. Maciel* (2003) 113 Cal.App.4th 679, 686.)

Finally, the California Supreme Court in *People v. Escobar* (1992) 3 Cal.4th 740, stated, " 'The term "great bodily injury" has been used in the law of California for over a century without further definition and the courts have consistently held that it is not a technical term that requires further elaboration.' " (*Id.* at p. 750, fn. 3.) Although the issue in *Escobar* was a challenge to the sufficiency of the evidence rather than a constitutional challenge, the court's statement agrees with the *Guest* analysis, as described previously. (*Guest, supra,* 181 Cal.App.3d at p. 812.)

4

We follow this substantial body of California authority in concluding that sections 245, subdivision (a)(4) and 12022.7, subdivision (a) are not unconstitutionally vague.

II.    *Fines and Assessments*

The trial court imposed a $40 court operations assessment (§ 1465.8), a $30 conviction assessment (Gov. Code, § 70373), and $300 restitution fines (§§ 1202.4, 1202.45), without considering appellant's ability to pay. Appellant argues the court thereby violated his constitutional rights to due process and to be free from excessive fines, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).[2]

In *Dueñas, supra,* 30 Cal.App.5th 1157, the defendant was indigent and had suffered misdemeanor convictions for driving with a suspended license; her license had been suspended because she was unable to pay three juvenile citations. (*Id.* at pp. 1160–1161.) The court of appeal held section 1202.4 requires a trial court to impose a minimum restitution fine regardless of ability to pay, but the constitutional right of due process requires that execution of the fine be stayed until the defendant's ability to pay is determined. (*Dueñas*, at p. 1172.) The court further found it was a violation of due process to impose the assessments without finding that the defendant had the ability to pay them. (*Id.* at p. 1168.)

We agree with those courts that have concluded that *Dueñas*, although possibly correct on its facts, was incorrect to the extent it stated a broader rule that, as a matter of constitutional due process, ability to pay must be established before imposition of fines. (See, e.g., *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946; *People v. Aviles*

---

[2] The issue is currently before the Supreme Court. (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

5

(2019) 39 Cal.App.5th 1055; *People v. Caceres* (2019) 39 Cal.App.5th 917.) As those cases explain, in contrast to the two strands of authority upon which *Dueñas* relied, the failure to establish ability to pay a minimum restitution fine and assessments does not, absent unusual circumstances, impair a defendant's access to the courts or subject them to imprisonment as a consequence. Appellant has not established that imposition of the assessments and fines was unconstitutional.[3]

DISPOSITION

The judgment is affirmed.

---

[3] We therefore need not decide whether appellant forfeited the issue, as respondent contends.

SIMONS, J.

WE CONCUR:

JACKSON, P. J.

CHOU, J.

A166486
*People v. Hicks*